**ORDERED in the Southern District of Florida on May 13, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Samuel Jean

Case No: 15-16194-AJC
Chapter 7

Debtor /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

THIS CASE came to be heard on May 12, 2015 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 14; the "Motion") and on the *Debtor's Motion to Continue the Hearing Scheduled for May 12, 2015 on Debtor's Motion to Value and Determine Secured Status of Lien on Real Property* (DE 16; the "Motion to Continue"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at 18318 N.W. 68th Avenue, Unit F, Hialeah, Florida 33015-3421, and more

particularly described as

> Condominium Unit No. F, Building 18318 of
> LA HACIENDA COUNTRY CLUB OF MIAMI,
> a Condominium, according to the Declaration
> of Condominium thereof, recorded in Official
> Records Book 23615 at Page 2538, of the
> Public Records of Miami-Dade County, Florida.

is $ 84,410.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of La Hacienda Country Club of Miami Condominium Association (the "Association") is $184,145.85.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of the Association is $ 0.00 and the Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Motion to Continue is **DENIED** as moot.

3. The Association has an allowed secured claim in the amount of $ 0.00.

4. Because the Association's secured interest in the Real Property is $0.00, the Association's lien recorded on July 21, 2014 at OR BOOK 29236 Page 1464 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 7 case. If this case is converted to a case under any other chapter or if the chapter 7 case is dismissed, the Association's lien will no longer be

considered void and shall be restored as a lien on the Real Property.

5. The Association has not filed a proof of claim in this case.

6. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

7. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 7 case.

###

Submitted By:
Annie Hernandez, Esq.
Legal Services of Greater Miami, Inc.
3000 Biscayne Boulevard, Suite 500
Miami, Florida 33137
ahernandez@lsgmi.org

Attorney Annie Hernandez is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.